(9 App. Div. 384.)

BUFFALO LOAN, TRUST & SAFE–DEPOSIT CO. v. LEONARD et al.

(Supreme Court, Appellate Division, Fourth Department.   October 16, 1896.)

1. RESIDUARY LEGATEES—LIABILITY TO REFUND.
   An administrator with the will annexed, who was also guardian of infant legatees, sued the residuary legatee for payments wrongfully made to him by the executor of the will without first satisfying the legacies to the infants.   The guardian of the infants was made a defendant on the motion of the residuary legatee, who did not dispute his liability to the infants, but claimed that by the negligence of the guardian the executor had been permitted to waste the estate, and that, therefore, the guardian should be required to pay such legacies.   *Held,* that the residuary legatee was entitled, to avoid unnecessary litigation, to have the case considered as though the guardian was plaintiff and the residuary legatee sole defendant, so that the question of the guardian's liability for negligence might be adjudicated.

2. SAME—NEGLIGENCE OF GUARDIAN OF INFANT LEGATEES.
   A guardian of infant legatees, who negligently suffers the executor to waste the entire estate in his hands, is not liable to the residuary legatee, to whom the executor had made payments, and who was compelled to refund therefrom the amount of the legacies to the infants.

3. GUARDIAN AND WARD—RIGHT TO SUE—NEGLIGENCE OF GUARDIAN.
   The guardian of infant legatees, who negligently suffers the executor to waste the entire estate in his hands, is not thereby precluded from re-

covering the amount of the legacies from the residuary legatee, to whom the executor had made payments.

Appeal from judgment on report of referee.

Action by the Buffalo Loan, Trust & Safe-Deposit Company, as administrator with the will annexed of Dorothea Leonard, deceased, against John Leonard and another. There was a judgment in favor of plaintiff, and defendant Leonard appeals. Affirmed.

This action as originally brought was by plaintiff against John Leonard as sole defendant. After a partial hearing of the case before the referee, a motion was made at special term to require the plaintiff to make the guardian of the infants, Herman A. Ruf and Margaret A. Ruf, a party defendant to the action, so that all parties interested would be before the court. Thereupon a supplementary complaint was served, making the infants' guardian (which, as administrator, is also the plaintiff) a party defendant. Substantially the same facts were therein alleged as in the original complaint. Defendant Leonard, in his answers to the original and supplemental complaint, among other things alleged that the legacies sought to be recovered in this action were lost solely by and through the carelessness, negligence, and inattention to duty of the guardian of said infants, in not taking proper steps to reduce their estate to possession and to properly invest it, and in permitting it to remain unsecured in the hands of Louis K. Purviance, who gave no security for the faithful performance of his duty as executor, and that the loss should fell upon the recalcitrant guardian, and not upon the residuary legatee. The facts, as found by the referee and as conceded, are these: Dorothea Leonard departed this life in 1890, leaving a last will and testament, which was admitted to probate by the surrogate's court of Erie county May 1, 1890. In and by that will a legacy of $2,000 each was given to Margaret A. Ruf and Herman A. Ruf. Louis K. Purviance was appointed sole executor of said will, qualified, and continued to act as such until July 31, 1895. He gave no security for the faithful discharge of his duties as such executor. On March 14, 1890, the plaintiff in this action was appointed by the surrogate's court of Erie county guardian of the estates of said infants, and has ever since remained such. Prior to March 5, 1891, said Purviance, as such executor, converted the estate of deceased into money, and received more than sufficient to pay the legacies of said infants in full and leave a residue for defendant Leonard more than the amount he has received from said estate. Said Purviance was financially responsible from the time of his appointment up to November 14, 1894, on which day, in a proceeding which the defendant Leonard, as residuary legatee, had instituted to compel said executor to account before the surrogate, said guardian caused to be entered in said surrogate's court a decree requiring said Purviance, as executor, to pay to the guardian of said infants $3,606, in full for their legacies, on or before January 1, 1895. Since that date said Purviance has been and is wholly insolvent; has not accounted for, or paid to the parties entitled thereto, the moneys of said estate, but absconded to parts unknown. Prior to the year 1894 said Purviance paid over to defendant Leonard, as residuary legatee, a sum exceeding $5,000, but not the whole amount which he would have been entitled to receive had said executor paid said legacies in full and accounted for the balance of said estate. From the time of the appointment of said guardian, March 14, 1890, to November 14, 1894, said guardian took no proceedings to collect the legacies due to said infants from the estate of Dorothea Leonard, deceased, or to prevent said legacies remaining in the custody and control of said executor. During that time said executor paid to said guardian divers sums upon said legacies, amounting to the sum of $675. Since the 14th day of November, 1894, said infants have received from said estate the sum of $150. On July 31, 1895, letters testamentary to said Purviance were revoked by the surrogate's court, and this plaintiff was appointed administrator with the will annexed, of said estate, in his place. Upon these facts the referee found, as conclusions of law, that the plaintiff was entitled to judgment against the defendant Leonard for $3,591.35 and costs, and upon his report judgment was entered April 4, 1896, in favor of plaintiff against defendant Leonard for

that sum, together with $109.67 costs. Exceptions to the conclusions of law only were properly taken, and this appeal is from that judgment.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

George W. Cothran, for appellant.
Wallace Thayer, for respondent.

GREEN, J. It is conceded by appellant's attorney that, as between the specific legatees and the residuary legatees under this will, the specific legatees are entitled to receive their legacies in full before the residuary legatee is entitled to anything, and that as between the infants and the appellant, Leonard, the infants must be protected. Upon the conceded facts and the concession thus made by the appellant's counsel, this situation confronts us: The specific legatees under this will have not received all of their legacies, and are entitled to receive the unpaid portions thereof. The appellant, Leonard, as residuary legatee, has received from the executor over $5,000, and more than the unpaid balance of the infants' legacies. The executor is insolvent, and prima facie the infants are entitled to recover that balance from the appellant. It is conceded that the moneys paid by the executor to this residuary legatee were, under the circumstances of this case, wholly unauthorized. It becomes the duty of plaintiff, as substituted trustee, to recover the amount of such unauthorized payments, and to distribute those moneys according to the terms of the will and the provisions of the law relative to the distribution of this estate. The referee has found that plaintiff is entitled to the payment by the residuary legatee of the amount necessary to pay to these infants the unpaid balance of their legacies. The facts as found, and the law governing the case, are conceded to entitle the plaintiff to recover; so that, if we go no further in the consideration of the case, this court will be justified in affirming the judgment entered in accordance with those facts and concessions.

The defendant John Leonard, however, claims that, as the guardian of the infants has been made a party to this action, the rights of the parties should be considered and fixed, in order that unnecessary litigation may be avoided, and that we should consider this case as though the guardian of the infants was the plaintiff and John Leonard sole defendant, and the action had been brought in behalf of the infants to compel payment to them by Leonard of the balance of the infants' legacies. We think it reasonable and proper, as all these parties are before the court, to so consider the case. The defendant claims that the guardian of the infant legatees is not entitled to recover of him the balance remaining unpaid of the legacies to these infants, for the reason, as defendant claims, the guardian of the infants has been negligent in the performance of its duties towards its wards, and urges that such negligence is shown in the fact that the executor was not called to an accounting by the guardian until about four years after the appointment and qualification of such executor, and that by reason of that fact the executor was thus allowed to commit a devastavit upon the estate, and that

thereafter such executor became irresponsible, thus rendering it impossible to collect the amount due the infants from the estate in the hands of the executor. The difficulty with this proposition is apparent. Defendant concedes that he is liable to the infants; that, as between him and them, they should be protected. But the infants are precluded by reason of their infancy from bringing the action in their own names. They therefore are compelled to act through their representative appointed by the court to protect their interests. Negligence or fraud on the part of the general guardian is not imputable to these infants. The infants themselves have committed no act of negligence, and they are therefore entitled, in an action brought for that purpose, to a decree against the defendant, compelling him to return to them, through their representative, an amount sufficient to fulfill the bequests of the will relating to them. The defendant cannot complain, as he concedes that they are entitled to protection as against him.

The defendant further urges, however, that this appeal should be disposed of the same as though the guardian of the infants was individually made a party to this action. The guardian is not individually a party to the action, and we have no authority to make it such. It is proper, and may be useful, to consider the question raised by the defendant, to the effect that the guardian of these infants has been negligent, and that, therefore, the defendant should not be compelled to repay these moneys, but that the loss should fall upon the guardian, by reason of its negligence. The specific legatees were entitled to be paid out of the funds of the estate before any portion thereof should be paid to the residuary legatee. The latter was entitled only to the gleanings of the estate after the payment of all debts and the specific legacies. This the defendant knew at the time he received these moneys. He took the amount bequeathed to him subject to such payments, and subject, too, to any fraud or negligence upon the part of the executor. The amount to which this residuary legatee was entitled could not be ascertained until the estate had been administered. The testatrix herself, at the time of making the will, could not have known the exact amount which, under the terms of the will, was bequeathed to John Leonard. The legacies of these infants were definite and fixed. The amount to which this defendant was entitled was indefinite and uncertain. The residuary legatee could take nothing but the residue after payment of the debts and specific legacies. The executor paid to the residuary legatee moneys applicable to the payment of the specific legatees. He paid those moneys before making any provision for or paying these specific legatees the amount named in the will as their legacies. The moment he did this, the executor committed a breach of trust. These moneys were received by the residuary legatee tainted with such breach of trust. As we have seen, the specific legatees knew the amount to which they were entitled by the terms of the will. The residuary legatee was ignorant of what the residuum was, or whether there would be a residuum. Before the payment was made to him, he took no steps to ascertain whether there was any such residuum, and, if any, the amount thereof. He

knew at that time that until both the debts and specific legacies were paid there was no residue; that the residue to which he was entitled had been given expressly subject to the prior payment of these legacies and of debts of the testatrix. Under these circumstances he received these moneys. It seems to me that it was the plain duty of this defendant, before receiving that money, to ascertain whether the conditions under which the money had been bequeathed to him had been performed by the trustee; whether all the debts of the testatrix had been paid; whether all the legacies had been satisfied, and the trusts of the will performed; and whether the executor then had a right to make the application of these moneys to the residuary legatee. Failing to do this, he received those moneys subject to the future failure or negligence of the executor to fulfill the terms of his trust, and he received those moneys subject to any future devastavit by the executor. It appears clear to me, therefore, that this defendant has no cause of action against the guardian individually for negligence in the administration of its trust. The argument of defendant as to the laches of the guardian is, it seems to me, precluded by the fact that the defendant himself might have instituted proceedings against the executor, to compel payments by him under the terms of the will, and thus fixed and established the amount of the residuum, to which alone this defendant was entitled. As between the trust company, as guardian, and these infants, the relation of guardian and ward exists, and by reason of such relation the former is required to exercise a proper degree of care in the performance of its duties. The omission to act in such capacity as a reasonably prudent man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or the commission of such acts as a reasonably prudent man would not do, or absence of care on its part, under the circumstances, would constitute negligence, according to the established and accepted definition of that term. The violation of such care and caution, enjoined upon it in the administration of its duties as such guardian, would furnish its wards cause for complaint and grounds for an action for damages in their favor against it individually; but because this guardian was negligent, and because, by reason thereof, it is liable individually to its wards for such negligence, it does not necessarily follow that it would be liable to this defendant for that negligence. It owed no duty or obligation to him. Its duty was to its wards. That duty was relative, not absolute, and has no existence between it and this defendant; and between them there can be no such thing as negligence, in the legal sense of the term. Further, we cannot see that what was done by this guardian was negligence on its part. The executor was selected by the testatrix as a person to whom she trusted her entire estate, and to whom she looked for its just and proper distribution. From time to time, after his qualification as executor, he paid to the guardian of these infants various amounts upon their legacies. It appears that down to the 14th day of November, 1894, the executor was entirely solvent. On the last-named date, in proceedings instituted by this defendant against the executor, a decree was made fixing the amount to which the infant legatees

were entitled, and also declaring the amount of the residuary estate. This was the first time the amount of the residuum was fixed. By such decree the executor was adjudged to pay over to the parties named therein the amounts to which they were entitled, on or before the 1st day of January following. On or about that date the executor absconded, and there are no funds applicable to the payment of the amounts decreed to be paid by the executor. Now it is claimed on behalf of the defendant that this guardian was negligent in not previously forcing the executor to make payment of the infants' legacies, and that, if it had acted promptly and obtained such a decree, its wards would have received the amount to which they were entitled. This does not follow, as it seems to me, because we find the executor absconding when the time arrives for the fulfillment of the terms of the decree which was made against him. Non constat but that if the guardian had procured a decree against this executor preceding the time when it was made, or immediately following the time when the payment of the legacies could have been enforced, the executor may have avoided the fulfillment of that decree in the same manner as he avoided the decree which was entered against him. It appears to me, therefore, that the plaintiff is entitled to recover from this defendant the moneys paid to him, to the extent necessary to pay over to these infants the balance of their legacies, as there are no other claims against the estate of Dorothea Leonard except the claims of the infants and the appellant Leonard. It seems to me also that, viewing the case as we have, as though the guardian of the infants was the sole plaintiff and this defendant the sole defendant, the plaintiff would be entitled to a recovery to the same extent.

The judgment herein should be affirmed, with costs.

Judgment affirmed, with costs. All concur.